# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KRIS J. PUGA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MONTEREY COUNTY DEPARTMENT OF SOCIAL & EMPLOYMENT SERVICES, et al.,<br><br>    Defendants. | Case No.  5:25-cv-04655-BLF<br><br>**ORDER DENYING MOTION TO APPOINT PARENTS KRIS J. PUGA AND MEGAN PUGA AS GUARDIANS** *AD LITEM* **FOR MINOR PLAINTIFFS**<br><br>[Re: Dkt. No. 23] |

Before the Court is Plaintiffs' *ex parte* Motion to Appoint Parents Kris J. Puga and Megan Puga as Guardians *ad Litem* for Minor Plaintiffs Pursuant to *Troxel v. Granville*, 530 U.S. 57 (2000), and Related Cases.  Dkt. No. 23.  The Court finds this motion suitable for resolution without oral argument and VACATES the hearing set for September 18, 2025.  Civ. L.R. 7-1(b).

For the following reasons, the Court DENIES the motion.

## I.  BACKGROUND

Plaintiff Kris J. Puga ("Puga"), individually and on behalf of his three minor children Jk.P., Ja.P., and H.P., initially filed this action on June 3, 2025, asserting claims under 42 U.S.C. § 1983 for violation of their federal constitutional rights as well as an intentional infliction of emotional distress tort claim.  Dkt. No. 1.  Plaintiffs allege that on or around November 28, 2023, the Monterey County Department of Social & Employment Services ("Department") "received an allegation of general neglect" with respect to Plaintiff Puga's four children.  *Id.* ¶ 43.  Puga's eldest child, N.P., had been taken to the hospital after an attempted overdose prompted by a gender crisis.  *Id.* ¶ 44.  N.P. told hospital staff that he did not want to return home to his parents and claimed that the house was dirty and infested with cockroaches, that his parents often fought and

sometimes physically disciplined their children, and that Plaintiff Puga sometimes abused substances. *Id.* ¶ 45.

Plaintiffs further allege that, following this report, a social worker spoke to three of the children out of their parents' presence and visited the parents' home. *Id.* ¶ 46. The social worker concluded that "[t]he allegations of general neglect . . . are deemed inconclusive." *Id.* ¶ 54. The social worker added an allegation of emotional abuse that was substantiated as to three of the children, *id.* ¶ 55, and an allegation of physical abuse that was deemed inconclusive, *id.* ¶ 56. The social worker requested that law enforcement remove the children from the parents' custody, but law enforcement refused to do so without a warrant. *Id.* ¶¶ 59–60. Instead, the social worker placed the children with their paternal grandmother under a "safety plan" pending a hearing on whether the children should be removed from their parents' custody. *Id.* ¶ 61. Following the hearing, the children were removed from their paternal grandmother's home and placed into foster care. *Id.* ¶ 63. Over a year later, the Department and the court dismissed the case and returned the children to their parents' custody. *Id.* ¶ 64.

On the same day that the Complaint was filed, Plaintiffs also filed a motion to appoint Plaintiff Puga as guardian *ad litem* for the three minor Plaintiffs. Dkt. No. 5. This motion was denied without prejudice on June 5, 2025 by Magistrate Judge Virginia K. DeMarchi, who noted:

> Here, the record presented indicates that Mr. Puga is competent and willing to serve as his children's guardian *ad litem*. Dkt. No. 5-1. However, Mr. Puga is also a party to the action, an action that is based on conduct taken by defendants in response to allegations of abuse against Mr. Puga and the children's mother. *See Kulya v. City & Cnty. of San Francisco*, No. 06-cv-06539-JSW, 2007 WL 760776, at *2 (N.D. Cal. Mar. 9, 2007) ("Clearly there is at a minimum a potential conflict of interest . . . because of the allegations of abuse which form the ostensible basis for Defendants' subsequent conduct."); *see also Erichsen v. Orange Cnty. Soc. Servs. Agency*, No. 13-cv-00237-GW MAN, 2013 WL 645460, at *2 n.3 (C.D. Cal. Feb. 19, 2013) ("Given the nature of the Pending State Actions—including the allegation of parental neglect—it appears unlikely that Parents could be appointed guardians *ad litem* for Ariane and Zachary in this case due to the possibility of a conflict of interest."). Mr. Puga's limited briefing in support of his motion for appointment as guardian *ad litem* does not address whether, in view of these allegations, Mr. Puga will be able to adequately represent his children's interests in this action without conflicts. *See A.H. v. Sacramento Cnty. Dep't Child, Fam. & Adult Servs.*, No. 21-cv-00690-KJM (JDP), 2021 WL 4263317, at *1 (E.D. Cal. Sept. 20, 2021)

(denying mother's application for appointment as guardian *ad litem* even where she had "regained custody of her children and the court dismissed the case against her . . . .").

Dkt. No. 9 at 2–3. Plaintiff Puga filed a second request for appointment as guardian *ad litem* that same day, which was again denied without prejudice because it was "nearly identical to his first except that it include[d] two documents as to which Mr. Puga ask[ed] the Court to take judicial notice: (1) a decision from the California Court of Appeal, Sixth District; and (2) minute orders from Monterey County Superior Court" and failed to address the issue of whether there was an actual or potential conflict of interest in the case between Plaintiff Puga and the minor Plaintiffs. Dkt. No. 12 at 2.

Plaintiffs then declined Magistrate Judge jurisdiction and the case was reassigned to the undersigned. Dkt. Nos. 14, 16. On June 23, 2025, Plaintiffs filed a First Amended Complaint based largely on the same facts. Dkt. No. 18. The First Amended Complaint added Plaintiff Megan Puga, who is the minor Plaintiffs' mother. *Id.* Plaintiffs again asserted claims under 42 U.S.C. § 1983 and for intentional infliction of emotional distress. *Id.* ¶¶ 68–100. Plaintiff Megan Puga added a claim for violation of rights under the Americans with Disabilities Act. *Id.* ¶¶ 101–04. All Plaintiffs added a First Amendment retaliation claim. *Id.* ¶¶ 105–08. Over a month later, Plaintiffs filed the present motion to appoint Plaintiff Kris J. Puga and Plaintiff Megan Puga as guardians *ad litem* for the minor Plaintiffs. Dkt. No. 23.

## II.  LEGAL STANDARD

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*. The court must appoint a guardian *ad litem*— or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). The determination of an individual's capacity to sue is made based on "the law of the individual's domicile," *id.* 17(b)(1), and in California, a minor is an individual under the age of 18 years, Cal. Fam. Code § 6500.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). This duty extends to the appointment of guardians *ad litem*, and courts have

3

1  "broad discretion in ruling on a guardian *ad litem* application." *Williams v. Superior Ct.*, 147 Cal.
2  App. 4th 36, 47 (2007).  "In determining whether to appoint a particular guardian *ad litem*, the
3  court must consider whether the minor and the guardian have divergent interests."  *J.T. v. Antioch*
4  *Unified Sch. Dist.*, No. 18-cv-02992, 2018 WL 4334603, at *1 (N.D. Cal. Sept. 11, 2018) (citing
5  Cal. Code Civ. P. § 372(b)(1)).  While "there is a presumption that fit parents act in the best
6  interests of their children," *Troxel v. Granville*, 530 U.S. 57, 68 (2000), "this general presumption
7  does not apply when the parent has a conflict of interest," *Williams*, 147 Cal. App. 4th at 50.  "[I]f
8  the parent has an actual or potential conflict of interest with his [or her] child, the parent has no
9  right to control or influence the child's litigation."  *Id.*  Thus, "[w]hen there is a potential conflict
10 between a perceived parental responsibility and an obligation to assist the court in achieving a just
11 and speedy determination of the action, a court has the right to select a guardian *ad litem* who is
12 not a parent if that guardian would best protect the child's interests."  *Id.* at 49 (internal quotations
13 and citation omitted).  "When there is no conflict of interest, the guardian *ad litem* appointment is
14 usually made on *ex parte* application and involves minimal exercise of discretion by the trial
15 court."  *Student A v. Berkeley Unified Sch. Dist.*, No. 17-cv-02510, 2017 WL 2171254, at *1 (N.D.
16 Cal. May 17, 2017) (citation omitted).

### III.   DISCUSSION

Plaintiffs Jk.P. (born in 2009), Ja.P. (born in 2012), and H.P. (born in 2020) are all under eighteen years of age.  Therefore, all three must conduct proceedings in this suit through a guardian *ad litem*.  Cal. Code Civ. P. § 372(a)(1); Fed. R. Civ. P. 17(c)(2).

"In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian *ad litem*, and so the court often appoints the parent as guardian *ad litem* upon receipt of an *ex parte* application without exercising much discretion."  *Brown v. Alexander*, No. 13-cv-01451, 2015 WL 7350183, at *1 (N.D. Cal. Nov. 20, 2015).  However, courts in this Circuit have questioned whether a parent might have an actual or potential conflict of interest with his child when the dispute giving rise to the litigation involves allegations of abuse or neglect by the parent. In *Kulya v. City and County of San Francisco*, for example, a father "filed a complaint for violation of civil rights, for false arrest, and for intentional infliction of emotional distress on

4

behalf of himself as an individual, and on behalf of his minor son . . . as his guardian *ad litem*." No. 06-cv-06539, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007). The suit was against his city as well as city police officers and social workers and related to an incident in which his child's mother took the child to a police station to file child abuse charges against the father. *Id.* There, the Court noted that "there [wa]s at a minimum a potential conflict of interest . . . because of the allegations of abuse which form the ostensible basis for Defendants' subsequent conduct," meaning that the father was "not a suitable choice for guardian *ad litem*." *Id.* at *2.

Likewise, *A.H. v. Sacramento County Department of Child, Family and Adult Services* was a lawsuit filed by a mother after the Sacramento County Department of Child, Family and Adult Services removed her children from her home and placed them in foster care. No. 21-cv-00690, 2021 WL 4263317, at *1 (E.D. Cal. Sept. 20, 2021). In that case, the court denied the mother's application to serve as guardian *ad litem*, citing *Kulya*. *Id.* at *3. The court noted that the denial was not intended to pass judgment on the mother's parental fitness or to suggest that the allegations of maltreatment were true; rather, it indicated only that there was a potential for a conflict of interest "given the underlying allegations." *Id.*; *see also Olivares v. Cnty. of Stanislaus*, No. 22-cv-00753, 2022 WL 17822497, at *2 (E.D. Cal. Dec. 20, 2022) ("Here, this court previously denied plaintiffs' motion for [mother] to be appointed guardian *ad litem* of her children, finding a potential conflict of interest given the underlying allegations concerning the relationship between [mother] and her minor children and the basis of the defendants' execution of a protective custody warrant.").

Judge DeMarchi previously brought these orders to Plaintiffs' counsel's attention and invited Plaintiffs to file a renewed motion for appointment that addressed the concerns raised in those cases. Dkt. No. 9 at 3. After Plaintiff's counsel failed to do so in the renewed motion filed on June 5, 2025, *see* Dkt. No. 12, Plaintiffs filed an amended complaint, requested reassignment to a district judge, and then failed to file a new motion for appointment until prompted by the Court.

Plaintiffs' third motion for appointment does contain legal argument, but it does not address the concerns raised about a potential conflict of interest. Instead, Plaintiffs argue that "Minor Plaintiffs remain under the care and control of their parents without any further court

5

involvement . . . and without any pending investigations," aside from a social services referral dated June 17, 2025 that Plaintiffs allege to be retaliation for the filing of the present lawsuit. Dkt. No. 23 at 5. Plaintiffs state that Kris J. Puga and Megan Puga "are therefore fit parents, and fit parents are presumed to act for the benefit of their children." *Id.* The remainder of the brief is dedicated to reciting authorities on the substantive and procedural protections afforded to parents under the Fourteenth Amendment.

The Court does not cast doubt on the liberty interests of parents in the care and custody of their children. However, the narrow question before the Court on this motion for appointment is whether there is "an actual or potential conflict of interest" between the parents seeking appointment and their minor children. *See Williams*, 147 Cal. App. 4th at 50. If so, the presumption in *Troxel* is not applicable for purposes of appointing the parents as guardians *ad litem* for their children. *Id.* As explained in *Williams*:

> [U]nlike the state actions that have been found to unconstitutionally interfere with a parent's fundamental rights to make child-rearing decisions, a court's selection of a guardian *ad litem* does not substantially affect a parent's control over his or her child or "inject [the state] into the private realm of the family." A guardian *ad litem*'s role is limited to protecting the child's interests in the litigation, and the role is closely supervised by the judge. In this limited role, a guardian *ad litem* does not have the authority to make decisions for the child outside the scope of the litigation, even if the guardian *ad litem* believes the decisions are in the general best interests of the child.

*Williams*, 147 Cal. App. 4th at 50 (citation omitted). Denial of a parent's desire to be appointed as guardian *ad litem* does not infringe the Fourteenth Amendment rights of the parent where there is an actual or potential conflict of interest between the parent and the child.

Here, despite multiple invitations to do so, Plaintiffs have not provided any argument or authority contradicting the potential conflict of interest between Kris and Megan Puga and their children that is apparent from the allegations in the amended complaint. Accordingly, Plaintiffs' motion for appointment is DENIED.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Kris J. Puga and Megan Puga's application to serve as guardians *ad litem* for their three minor children Jk.P., Ja.P., and

6

H.P. is DENIED.  Another individual must be appointed to represent the children's interests going forward in this litigation.  Plaintiffs' counsel is ORDERED to submit a new motion to appoint a guardian *ad litem* within fourteen days of the date of this order.

**IT IS SO ORDERED.**

Dated:  August 14, 2025

_____
BETH LABSON FREEMAN
United States District Judge