**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KRIS J PUGA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MONTEREY COUNTY DEPARTMENT OF SOCIAL & EMPLOYMENT SERVICES, et al.,<br><br>Defendants. | Case No.  25-cv-04655-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Re:  ECF No. 88] |

Before the Court is Defendants Monterey County (the "County"), Anna Cerda, Sintia De La Rosa, Christina Sanchez, Peggy Medearis-Preacher, and Raquel Avila's (collectively, the "Employee Defendants") Motion to Dismiss.  ECF No. 88 ("Mot."); *see also* ECF No. 92 ("Reply").  Plaintiffs Kris J. Puga, Megan Puga, Jk.P., Ja.P., and H.P. oppose.  ECF No. 90 ("Opp.").  The Court held a hearing on the motion on May 7, 2026.  ECF No. 94.  For the reasons stated by the Court on the record and set forth below, the motion is GRANTED IN PART and DENIED IN PART.

I.    **BACKGROUND**

This case arises from juvenile dependency proceedings in California state court.  On November 28, 2023, the Monterey County Department of Social and Employment Services (the "Department") received an allegation of general neglect in connection with the conduct of Plaintiff Kris Puga, the father of four minor children.  ECF No. 86 ("SAC") ¶ 44.

This referral arose after N.P. attempted to overdose because of a "gender crisis."  *Id.*  After recovering, N.P. did not want to return home.  *Id.* ¶ 45.  Instead, N.P. allegedly "falsely claimed"

United States District Court
Northern District of California

that the family's home was "dirty[]" and "infested with cockroaches," that the parents fought, that the parents "physically disciplined" one of their other children, and that Mr. Puga "used substances." *Id.* In response to the report, a County social worker, Defendant Anna Cerda, interviewed the three oldest children. *Id.* ¶ 46. She also spoke to Mr. Puga and Megan Puga (collectively, the "Parents"). *Id.* At that time, Mr. Puga was the primary caretaker of the children because Ms. Puga had suffered a stroke and was blind. *Id.* ¶ 47. Mr. Puga had lost his job because he was taking care of the family. *Id.* After investigating, Ms. Cerda concluded that most of the allegations regarding neglect and abuse were "inconclusive" but found the allegations of emotional abuse as to three of the children "substantiated." *Id.* ¶¶ 54–57.

Ms. Cerda subsequently attempted to remove the children without a warrant, but law enforcement declined to do so. *Id.* ¶¶ 58–59. Ms. Cerda then "forced [Mr. Puga] to give up custody of their three young children" by telling him that the children would be removed unless they agreed to a "fraudulent 'safety plan,'" whereby the children would live with their paternal grandmother until a dependency petition could be filed. *Id.* ¶ 61.

The Department then filed a petition on behalf of the four children. *Id.* ¶ 63. The petition included "historic allegations" from closed cases, in addition to the more recent general neglect and physical abuse allegations that Ms. Cerda had found to be inconclusive. *Id.* Plaintiffs allege that the petition was "prepared, filed and signed" by Defendant Christina Sanchez and "approved" by Defendant Raquel Avila, both of whom are County social workers. *Id.* ¶¶ 37, 40. Plaintiffs separately allege that Ms. Cerda filed and signed the dependency petition with the approval of her supervisor, Defendant Sintia De La Rosa. *Id.* ¶ 21. The Department removed the children from their paternal grandmother's home and placed them in foster care. *Id.* ¶ 64. According to Plaintiffs, at all relevant times, the Employee Defendants were acting pursuant to "the policies, practices, procedures, and/or non-existent or adequate training of the County." *Id.* ¶ 10.

The children were returned to the Parents after the state appellate court reversed the order removing the children from their father's care. *Id.* ¶ 66; *see also id.* Ex. A, *In re B.P.*, No. H051748, 2025 WL 65780 (Cal. Ct. App. Jan. 9, 2025). Plaintiffs filed their initial complaint on June 3, 2025. ECF No. 1. Plaintiffs amended the complaint to allege that the Department

2

retaliated to the lawsuit by sending a social worker to the home on "an alleged referral of unclean home" two weeks later on June 17, 2025. ECF No. 18 ("FAC") ¶ 67. The Court granted in part and denied in part Plaintiffs' motion to dismiss on December 12, 2025. *See* ECF No. 84 ("Prior Order"). Plaintiffs then filed the SAC, asserting seven causes of action:

> (1) a standalone *Monell* claim (SAC. ¶¶ 74–85);
>
> (2) violation of the Fourth and Fourteenth Amendments for removal without a warrant (*id.* ¶¶ 86–94);
>
> (3) violation of the Fourteenth Amendment due process right to be free from deception in the presentation of evidence to the court (*id.* ¶¶ 95–102);
>
> (4) violation of the Fourth and Fourteenth Amendments arising from medical exams without parental notice/consent (*id.* ¶¶ 103–08);
>
> (5) intentional infliction of emotional distress ("IIED") (*id.* ¶¶ 109–16);
>
> (6) violation of the Americans with Disabilities Act ("ADA") (*id.* ¶¶ 117–21); and
>
> (7) First Amendment retaliation (*id.* ¶ 122–25).

Each cause of action is brought against the County, and claims two, three, four and five are asserted against at least one of the Employee Defendants. Plaintiffs allege having suffered severe emotional distress leading to physical ailments and "humiliation and embarrassment and loss of reputation in the community." *Id.* ¶¶ 70–71. Plaintiffs seek damages and attorney's fees. *Id.* at Prayer for Relief.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6)

Dismissal of a complaint is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). When considering a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id*. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).

### B. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Id.* at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III.   REQUESTS FOR JUDICIAL NOTICE

Plaintiffs request that the Court take judicial notice of this Court's summary judgment Order in *Williams v. County of Monterey*. Opp. at 15–16; *see also Williams v. County of Monterey*, No. 19-cv-01811-BLF, 2021 WL 1376029 (N.D. Cal. Apr. 12, 2021). Plaintiffs also request that the Court take judicial notice of the Minor's Compromise Order in *Williams*. ECF No. 90-2; *see also Williams*, No. 19-cv-01811-BLF, ECF No. 311 (Order re: Plaintiffs' Ex Parte Petition for Minor's Compromise). Defendants do not oppose Plaintiffs' requests.

A court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). While the Court "may take judicial notice of the existence of unrelated court documents[] . . . it will not take judicial notice of such documents for the truth of the matter asserted therein." *In re Bare Escentuals, Inc. Secs. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010). Accordingly, the Court takes judicial notice of the court documents in *Williams* but does

4

not take judicial notice of any facts described therein.

## IV.    DISCUSSION

### A.  Res Judicata

The Court begins by addressing Plaintiffs' threshold argument that *res judicata* bars re-litigation of the sufficiency of the complaint.  *See* Opp. at 10–12.  Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Here, as Defendants correctly argue, *see* Reply at 2–3, there has been no final judgment on the merits with respect to any of the claims in the SAC.  Thus, the doctrine of *res judicata* has no applicability.

### B.  Claims Against the Employee Defendants

Turning to the merits, Defendants seek to dismiss Plaintiffs' claims against the Employee Defendants for deception in the presentation of evidence in the underlying juvenile court proceedings, unlawful medical examinations of the minor plaintiffs, and IIED.  Mot. at 11–13. The Employee Defendants do not challenge the claim grounded in removal without a warrant.  In response, Plaintiffs contest the applicability of qualified and statutory immunity, but do not otherwise respond to Defendants' arguments.  Opp. at 21–25.

### 1.  Constitutional Claims

Defendants challenge two of the 42 U.S.C. § 1983 claims asserted against the individuals, namely the third cause of action for deception in the presentation of evidence and the fourth cause of action arising out of the medical examinations of the minor plaintiffs.  Mot. at 11–12.  To state a § 1983 claim against an individual, a plaintiff must allege that the conduct (1) was committed by a person acting under the color of state law; and (2) deprived the plaintiff of a federal constitutional or statutory right.  *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011). Because the Employee Defendants do not contest that they were acting under color of state law, the Court will address only whether Plaintiffs have adequately alleged that they were deprived of their constitutional rights.

United States District Court
Northern District of California

### a. Deception in the Presentation of Evidence Claim (Third Cause of Action)

According to Defendants, Plaintiffs have not sufficiently alleged that the Employee Defendants made false statements in the underlying juvenile court proceedings. Mot. at 11–12. In the Prior Order, the Court dismissed the judicial deception claim because Plaintiffs did not allege any facts demonstrating that the alleged misrepresentations were material to the judicial determination that resulted in the children's removal. Prior Order at 16. Furthermore, Plaintiffs had not identified the allegedly false statements or asserted facts showing the statements were made deliberately or with reckless disregard for the truth. In in the SAC, Plaintiffs assert that Ms. Cerda filed a dependency petition that included the allegations of general neglect and physical abuse that she had found to be inconclusive and unsubstantiated. SAC ¶¶ 21–22, 96. Separately, Plaintiffs allege that Ms. Sanchez prepared, filed, and signed the dependency petition. SAC ¶ 37.

To state a claim of judicial deception, "a plaintiff must allege '(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision.'" *Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 799 (9th Cir. 2024) (quoting *David v. Kaulukukui*, 38 F.4th 792, 801 (9th Cir. 2022)); *see also Hardwick v. Cnty. of Orange*, 844 F.3d 1112, 1118–20 (9th Cir. 2017).

The Court finds that the allegations sufficiently establish that the County social workers made misrepresentations with a reckless disregard for the truth when the dependency petition included allegations of physical abuse and general neglect, although those allegations had been found to be inconclusive. *See* SAC ¶¶ 21–22, 37, 96. The California Court of Appeal opinion reversing in part the juvenile court's jurisdictional findings and disposition orders, which Plaintiffs attach to the SAC, clarifies the point. *See B.P.*, 2025 WL 65780, at *12 ("[T]he petition asserted various allegations related to Father ranging from substance abuse, domestic violence, and uninhabitable living conditions. None of these allegations were supported by the evidence."). It is plausible to infer that such misrepresentations led to the juvenile court's finding that "there was a substantial danger to the physical health, safety, and emotional well-being of the children if they were returned home, the children had suffered severe emotional damage, and there were no reasonable means to protect the children without removal." *Id.* at *4. Having found that Plaintiffs

6

adequately state the elements of the claim, the Court DENIES the motion to dismiss the deception in the presentation of evidence claim against the Employee Defendants.

### b. Unlawful Medical Exam Claim (Fourth Cause of Action)

Defendants assert that Plaintiffs' claim arising out the unlawful medical examinations of the minor plaintiffs are "boilerplate" and unsupported by any specific allegations as to their time, place, or circumstances. Mot. at 12. Plaintiffs do not offer any response.

In the Prior Order, the Court found that the allegations were too spare to state a claim, including because Plaintiffs had not included any facts as to the nature of the examinations, when they occurred, and whether they were investigatory in nature. In response, Plaintiffs have not added any allegations to the SAC elaborating on the claim, and now allege that the minor plaintiffs were "subjected to medical and/or mental health examinations/assessments and treatments during the one year and a half in foster care without prior notice to either parent." SAC ¶ 3. In other words, the Parents were not notified about and did not consent to routine checkups.

Absent "a reasonable concern that material physical evidence might dissipate . . . or that some urgent medical problem exists requiring immediate medical attention, the state is required to notify parents and to obtain judicial approval before children are subjected to investigatory physical examinations." *Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000); *see also Mann v. Cnty. of San Diego*, 907 F.3d 1154, 1162 (9th Cir. 2018). Accordingly, to state a claim arising from the medical examination of a minor, a plaintiff must allege facts sufficient to demonstrate that the state subjected a minor to an investigatory medical examination without notice to or the consent of the parents, exigent circumstances, or a reasonable concern about the preservation of evidence. *Wallis*, 202 F.3d 1141.

Plaintiffs have again failed to allege any facts that establish those elements. Other than a conclusory assertion that the children were subjected to medical examinations, Plaintiffs offer no facts as to the nature or purpose of the assessments, including whether they were investigatory in nature. *See* SAC ¶¶ 103–08. Moreover, Plaintiffs identify no authority for the proposition that parents must be notified about and consent to all medical exams—whether they are investigatory in nature or are merely routine checkups. Accordingly, the motion to dismiss the claim against the

United States District Court  
Northern District of California

United States District Court
Northern District of California

Employee Defendants arising from the unconstitutional medical examinations is GRANTED. Plaintiffs have had the opportunity to amend their complaint and still have not adequately stated a claim. However, Plaintiffs suggested at the hearing that they might be able to state additional facts. While the Court would typically dismiss without leave to amend at this stage, in the interest of justice, the Court will give Plaintiffs one final opportunity to amend their claim. The dismissal of the claim against the Employee Defendants arising from medical examinations of the minor plaintiffs is, thus, WITH LEAVE TO AMEND.

### 2.  IIED Claim (Fifth Cause of Action)

Defendants urge that the Employee Defendants are immune from liability for the IIED claim. Mot. at 13. Plaintiffs respond that no immunity applies. Opp. at 21–22. In the Prior Order, the Court denied the Employee Defendants' motion to dismiss the IIED claim as to the Employee Defendants, finding that as to the only challenged defect—failure to allege extreme or outrageous conduct—Plaintiffs had stated sufficient facts. Prior Order at 24. Although Defendants are technically barred from raising arguments in successive motions to dismiss that they could have raised earlier, *see* Fed. R. Civ. P. 12(g)(2), the Court exercises its discretion to consider the issue of the applicability of state law immunity. *Banko v. Apple, Inc.*, No. 13-cv-02977-RS, 2013 WL 6623913 at *2 (N.D. Cal. Dec. 16, 2023) (exercising discretion to consider arguments that could have been raised in a prior motion to dismiss).

California Government Code § 820.2 provides that "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov. Code § 820.2. The California Courts have interpreted § 820.2 to hold that social workers are immune for discretionary decisions relating to the investigation of child abuse. *See Alicia T. v. Cnty. of Los Angeles*, 222 Cal. App. 3d 869, 881 (1990), *modified* (Aug. 16, 1990) ("[S]ocial workers must be absolutely immune from suits alleging the improper investigation of child abuse, removal of a minor from the parental home based upon suspicion of abuse and the instigation of dependency proceedings."); *see also K.C. v. Cnty. of Merced*, 109 Cal. App. 5th 606, 617 (2025) (collecting cases).

Defendants correctly argue that under this line of cases, social workers like the Employee Defendants have broad immunity in connection with discretionary child dependency and custody decisions. However, Defendants overlook California Government Code § 820.21(a), which provides an exception to this immunity where social workers are alleged to have acted with malice in (1) committing perjury, (2) fabricating evidence, (3) failing to disclose known exculpatory evidence, or (4) obtaining testimony by duress, fraud, or undue influence. Cal. Gov. Code § 820.21. Malice is defined as "conduct that is intended . . . to cause injury to the plaintiff or despicable conduct that is carried on . . . with a willful and conscious disregard of the rights or safety of others." Cal. Gov. Code § 820.21(b). Plaintiffs raised the potential applicability of this exception at the hearing.

The Court has already determined that Plaintiffs sufficiently allege that the Employee Defendants failed to disclose known exculpatory evidence in connection with the underlying juvenile dependency proceedings. *See* Cal. Gov. Code § 820.21(a)(3). The same allegations that support such a finding also indicate that the Employee Defendants may have intentionally omitted this exculpatory information from court documents. *See, e.g.*, SAC ¶ 22. Drawing all reasonable inferences in favor of the allegations in the SAC, the Court finds that Plaintiffs have alleged malice by the skinniest of margins. *See Williams v. Cnty. of Monterey*, No. 19-cv-01811-BLF, 2020 WL 353552, at *7 (N.D. Cal. Jan. 21, 2020); *cf. Michelle K. v. Cnty. of Sonoma*, No. 22-cv-01202-AMO, 2025 WL 1684886, at *4 (N.D. Cal. June 16, 2025). Thus, although the motion to dismiss the IIED claim against the Employee Defendants is DENIED on this basis, Plaintiffs will have the burden to prove malice at trial.

### 3. Defendants Medearis-Peacher, Avila and Sanchez

The County contends that the complaint is short on facts as to Ms. Medearis-Peacher, Ms. Avila and Ms. Sanchez, and thus they should be dismissed from this action. As to Ms. Medearis-Preacher, the Court agrees—Plaintiffs allege no facts as to her conduct, and thus all claims asserted against her are DISMISSED WITH LEAVE TO AMEND. As to Ms. Sanchez and Ms. Avila, however, Plaintiffs allege that the dependency petition that omitted exculpatory evidence was "prepared, filed and signed" by Ms. Sanchez and "approved" by Ms. Avila. SAC

United States District Court
Northern District of California

¶¶ 37, 40. As the Court denies the motion to dismiss the claim for deception in the presentation of evidence, the Court also DENIES the motion to dismiss Ms. Sanchez and Ms. Avila on this basis.

### C. Claims Against the County

Turning to the claims against the County, Defendants argue that Plaintiffs fail to plead several of their *Monell* claims, the IIED claim is barred by statutory immunity, and Plaintiffs do not adequately state a claim for disability discrimination. Mot. at 5–11. In opposition, Plaintiffs contend that the SAC adequately states each cause of action against the County. Opp. at 13–21.

#### 1. Constitutional Claims

According to the County, Plaintiffs' standalone *Monell* claim, claim for deception in the presentation of evidence to the juvenile court, claim for medical examinations of the minor plaintiffs, and claim for first amendment retaliation do not pass muster.

Under *Monell*, "[a] government entity may not be held liable under § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). In order to establish governmental liability under *Monell*, a § 1983 plaintiff must allege facts that, when accepted as true, are sufficient to demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997). Policies that lead to liability under *Monell* can include "written policies" and "unwritten customs and practices," as well as a "failure to train" employees. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

The Court previously found that Plaintiffs' conclusory allegations with respect to the County's practices and failure to train employees were unsupported by facts that would plausibly give rise to *Monell* liability. *See* Prior Order at 6–10. In response, Plaintiffs have added allegations relating to this Court's summary judgment order in *Williams*, another case arising out of juvenile dependency proceedings in Monterey County that involved a warrantless removal of

10

children. While Defendants again challenge four of the § 1983 claims against the County for failure to state a claim under *Monell*, Plaintiffs' claim against the County for violation of the Fourth and Fourteenth Amendments for removal without a warrant is not challenged in the motion to dismiss, and the Court finds that Plaintiffs have alleged sufficient facts to proceed on this claim under a failure-to-train theory of *Monell*.

### a. Standalone *Monell* Claim (First Cause of Action)

Plaintiffs' first cause of action is a standalone *Monell* claim. Defendants contend that *Monell* is not a standalone cause of action but rather a method of imputing liability, and thus Plaintiffs' first claim should be dismissed, regardless of whether other claims may go forward based on a *Monell* theory. Mot. at 6–7. As Defendants correctly argue that *Monell* is not an independent cause of action but is instead a method of holding a local government liable under § 1983, *Hernandez v. City of Phoenix*, 541 F. Supp. 3d 996, 1003 (D. Ariz. 2021), the Court GRANTS the motion to dismiss the standalone *Monell* claim WITHOUT LEAVE TO AMEND. The Court nonetheless construes all allegations raised as to this claim as applying to each § 1983 claim brought against the County.

### b. Deception in the Presentation of Evidence Claim (Third Cause of Action)

In connection with Plaintiffs' due process claim arising from deception in the presentation of evidence to the juvenile court, Plaintiffs allege that the County has "a widespread custom of removing children without warrants and achieving this by hiding exculpatory evidence from the juvenile courts," "an unmistaken pattern of similar incidents," "specific policymaker awareness," and "a failure to train/supervise." SAC ¶ 102. Plaintiffs also refer to this Court's summary judgment order in *Williams* in support of those allegations. *Id.* ¶¶ 78–83 & Ex. B. According to Defendants, such assertions are too conclusory to support a plausible inference that the County's customs or failure to train were the moving force behind the alleged constitutional violation. Mot. at 7. In response, Plaintiffs urge that the allegations establish that the County's pattern and practice of deception in the presentation of evidence has been "proven by the sheer passage of time." Opp. at 19.

The County has the better argument. Plaintiffs' conclusory allegation that the County has

United States District Court
Northern District of California

United States District Court
Northern District of California

a widespread policy of hiding exculpatory evidence is unsupported by any facts that make such an inference plausible. *Dougherty*, 654 F.3d at 900–01 (holding that *Monell* claims were subject to dismissal where they lacked factual allegations "demonstrating that [plaintiff's] constitutional deprivation was the result of a custom or practice of the [governmental defendant] or that the custom or practice was the 'moving force' behind his constitutional deprivation"). Plaintiffs' boilerplate failure-to-train allegation fares no better. Missing from the SAC are any factual allegations that the County "disregarded the known or obvious consequence that a particular omission in their training program would cause [County] employees to violate citizens' constitutional rights," which is an essential element. *Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (quoting *Connick v. Thompson*, 131 U.S. 51, 61 (2011)). Nor does Plaintiffs' citation to the summary judgment order in *Williams* support Plaintiffs' *Monell* theory. There, the Court found that while the *Williams* plaintiffs had offered evidence showing that the County social workers' investigation and reporting 'may have been careless or inaccurate,' no reasonable trier of fact could find that Plaintiffs' evidence satisfies the 'stringent test' for deliberate fabrication." *Williams*, 2021 WL 1376029, at *13 (quoting *Gausvik v. Perez*, 345 F.3d 813, 817 (9th Cir. 2003)). The Court thus granted summary judgment for the defendants as to that claim.

The Court concludes that Plaintiffs still have not sufficiently alleged a *Monell* theory as to their deception in the presentation of evidence claim—their allegations amount to no more than boilerplate conclusions. Thus, the motion to dismiss the deception in the presentation of evidence claim as to the County is GRANTED. Although the Court would not typically give leave to amend at this stage, in the interest of justice, Plaintiffs may have a final opportunity to allege additional facts. Accordingly, the dismissal is WITH LEAVE TO AMEND.

### c. Unlawful Medical Exam Claim (Fourth Cause of Action)

Plaintiffs allege that the County "has a policy, pattern and custom that is the moving force" behind the "indifference of its social workers to the medical decision making rights of the parents when children are declared dependents of the juvenile court." SAC ¶ 107. Accordingly, Plaintiffs seek to hold the County liable for the alleged medical examinations of the minor plaintiffs without

12

United States District Court
Northern District of California

the knowledge or consent of the Parents.  The County takes the position that Plaintiffs' *Monell* theory is insufficiently pled as to this claim.  Mot. at 7–8.  Plaintiffs urge the opposite.  Opp. at 19.

The above analysis applies with full force to Plaintiffs' claim arising from the allegedly unlawful medical examinations of the three children.  Despite substantial guidance from the Court, Plaintiffs have not included any facts supporting a plausible inference that the minor plaintiffs were subjected to unlawful medical examinations as a consequence of the County's policies or practices.  Nor do Plaintiffs assert a single fact demonstrating that the County's failure to train its employees was the moving force behind the alleged constitutional violations.  Accordingly, Defendants' motion to dismiss the claim against the County arising from the medical examinations of the minor plaintiffs is GRANTED.  The Court finds that, with some reservations as to Plaintiffs' ability to adequately plead a *Monell* theory, further amendment may not be futile. Plaintiffs may have one final opportunity, and the dismissal of this claim is WITH LEAVE TO AMEND.

### d.  First Amendment Retaliation Claim (Seventh Cause of Action)

Plaintiffs' First Amendment retaliation claim is also subject to *Monell*.  Defendants urge that Plaintiffs have failed to include any facts establishing that the alleged retaliation was the result of any County policy, practice, or failure to train its employees.  Mot. at 8.  In the Prior Order, the Court denied the County's motion to dismiss the retaliation claim.  Prior Order at 12.  Because the Court has already determined that the retaliation claim may go forward, the Court exercises its discretion to decline to consider Defendants' argument and DENIES the motion to dismiss with respect to the retaliation claim.  *Cf. Banko*, 2013 WL 6623913 at *2.

### 2.  IIED Claim (Fifth Cause of Action)

Defendants contend that the County is immune from liability for the IIED claim.  Mot. at 9–10.  In the Prior Order, the Court denied the County's motion to dismiss the IIED claim as to the County, finding that Plaintiffs had sufficiently alleged compliance with the Tort Claims Act. Prior Order at 10–11.  While Defendants are technically barred from raising arguments in successive motions to dismiss that they could have raised earlier, *see* Fed. R. Civ. P. 12(g)(2), the Court again exercises its discretion to consider the issue of the applicability of state law immunity.

*See Banko*, 2013 WL 6623913 at *2.

California Government Code § 815.2(b) provides that "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. Gov. Code § 815.2(b). As the Court has already found that Plaintiffs have alleged facts sufficient to show that the Employee Defendants may not be immune under California Government Code § 820.2, the Court DENIES the motion to dismiss the IIED claim against the County.

### 3. ADA Claim (Sixth Cause of Action)

The County argues that Ms. Puga has not alleged facts sufficient to state an ADA claim. Mot. at 10–11. According to Plaintiffs, the SAC alleges that Ms. Puga was not able to read the safety plan because of her blindness, but the County did nothing to accommodate her. Opp. at 19–21. Plaintiffs contend that such allegations are sufficient to allege an ADA claim.

In the Prior Order, the Court dismissed the ADA claim because Plaintiffs had not alleged any facts demonstrating that Ms. Puga needed or requested access to an accommodation that she was denied. Prior Order at 11. In response to the Prior Order, Plaintiffs have asserted additional facts related to the ADA claim. Plaintiffs allege that Ms. Puga is legally blind. SAC ¶ 36. They further allege that Ms. Puga informed Ms. Cerda that she could not read, review, or sign the safety plan, so Mr. Puga was forced to sign instead. *Id.* ¶ 119.

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services . . . of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To allege a Title II claim, a plaintiff must state facts showing that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or were otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of her disability. *See Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014).

As an initial matter, Plaintiffs appear to bring the ADA claim against the County pursuant to a *Monell* theory of liability. SAC ¶ 121 ("[T]hese policies, practices, customs and training

14

related issues make the [County] itself liable for the actions of the individually named social worker Defendants for lack of proper training of ADA services available . . . under the theory of law set forth in *Monell*."). Plaintiffs are advised that the *Monell* standard applies only to local governments sued under § 1983, *see Monell*, 436 U.S. at 694, and the Ninth Circuit bars § 1983 claims predicated upon alleged ADA violations, *see Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012). Instead, the ADA creates its own right of action. *See Cohen*, 754 F.3d at 695 ("Title II authorizes private suits for money damages.")

Turning to the elements of an ADA claim, all agree that Ms. Puga has satisfied the first element by alleging a qualifying disability—blindness. However, Defendants argue that Ms. Puga's failure to allege that the social workers refused to explain the safety plan or otherwise accommodate her is fatal to the ADA claim. Mot. at 10–11. The Court is unpersuaded. Plaintiffs allege that Ms. Puga told the social workers that she was unable to read or review the safety plan but no services were offered to assist her in navigating the situation. SAC ¶ 119. That allegation is sufficient to demonstrate a failure to accommodate. That Mr. Puga ultimately signed the safety plan does not, as Defendants argue, *see* Mot. at 11, undermine Ms. Puga's right to be accommodated. Accordingly, the Court DENIES the motion to dismiss the ADA claim.

## V.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss, ECF No. 88, is GRANTED IN PART AND DENIED IN PART as follows:

(1) The motion to dismiss claim one (the standalone *Monell* claim) is GRANTED WITHOUT LEAVE TO AMEND.

(2) The motion to dismiss claim three (arising from deception in the presentation of evidence) is GRANTED WITH LEAVE TO AMEND as to the County and DENIED as to the Employee Defendants.

(3) The motion to dismiss claim four (grounded in medical examinations of the minor plaintiffs) is GRANTED WITH LEAVE TO AMEND.

(4) The motion to dismiss claim five (for IIED) is DENIED.

(5) The motion to dismiss claim six (for violation of the ADA) is DENIED.

15

(6) The motion to dismiss claim seven (for First Amendment retaliation) is DENIED.

(7) All claims against Ms. Medearis-Preacher are DISMISSED WITH LEAVE TO AMEND.

Plaintiffs SHALL file a third amended complaint within **14 days** of the date of this Order, by **May 22, 2026**. Leave to amend is limited to the deficiencies identified in this Order. Plaintiffs may not add new claims or parties without express leave of the Court.

Dated: May 8, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

16